1  Alex Asil Mashiri, Esq. (SBN 283798)
   **MASHIRI LAW FIRM**
2  A Professional Corporation
   11251 Rancho Carmel Drive #500694
3  San Diego, California 92150
   Telephone: (858) 348-4938
4  Fax: (858) 348-4939

5  **Semnar & Hartman, LLP**
   Babak Semnar, Esq. (SBN 224890)
6  Jared M. Hartman, Esq. (SBN 254860)
   400 S. Melrose Drive, Suite 209
7  Vista, California 92081
   Telephone: (951) 293-4187
8  Fax: (888) 819-8230

9  Attorneys for Plaintiff:
   PRISCILLA PEREZ
10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PRISCILLA PEREZ | ) | Case No. **'16 CV 0100 AJB MDD** |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR DAMAGES** |
| vs. | ) | |
| | ) | |
| AARGON AGENCY INC. D/B/A | ) | **[DEMAND FOR JURY TRIAL]** |
| AARGON COLLECTION AGENCY; and | ) | |
| WESTERN DENTAL SERVICES, INC. | ) | |
| Defendants. | ) | |

Plaintiff PRISCILLA PEREZ alleges as follows:

# I.
# INTRODUCTION

1. Plaintiff PRISCILLA PEREZ (hereinafter referred to as "Plaintiff"), brings this lawsuit against Defendant AARGON AGENCY INC. D/B/A AARGON COLLECTION AGENCY (hereinafter "AARGON") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA) and the California Consumer Credit Reporting Agencies Act ("CCRAA").

2. Plaintiff brings this lawsuit against Defendant WESTERN DENTAL SERVICES, INC. (hereinafter "WESTERN") for violations of the Rosenthal FDCPA, and the California Consumer Credit Reporting Agencies Act ("CCRAA").

3. Plaintiff brings this action to seek actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

# II.
# PARTIES

4. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of Imperial, State of California.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692a(3) and California Civil Code section 1785.3(b), and a "debtor" as the term is defined by California Civil Code section 1788.2(h).

6. Plaintiff is informed and believes, and thereupon alleges, that Defendant AARGON is, and at all times mentioned herein was, a corporation who was

conducting and engaging in business in the County of Imperial, State of California.

7. Plaintiff is informed and believes, and thereupon alleges, that Defendant WESTERN is, and at all times mentioned herein was, a corporation who was conducting and engaging in business in the County of Imperial, State of California.

8. Plaintiff is informed and believes, and thereupon alleges, that Defendant AARGON uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. section 1692a(6).

9. Plaintiff is informed and believes, and thereupon alleges that Defendants AARGON and WESTERN are debt collectors as defined under Civil Code section 1788.2(c).

10. Defendants AARGON and WESTERN attempted to collect a consumer debt as defined under the FDCPA and Rosenthal FDCPA.

11. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## III.
## JURISDICTION AND VENUE

12. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

13. This action arises out of violations of the FDCPA and Rosenthal FDCPA, and the CCRAA. Because Defendants AARGON and WESTERN do business within the State of California, County of Imperial, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. section 1391.

## IV.
## RELEVANT FACTS

15. Sometime in 2007, when Plaintiff was a minor, she received dental services from Defendant WESTERN. Upon information and belief, the dental services were for braces only.

16. Because Plaintiff was a minor, her mother signed as the financially responsible party.

17. Upon information and belief, the contract entered into between WESTERN and Plaintiff's mother will show that Plaintiff's mother was the only person financially responsible for the treatment Plaintiff received.

18. At some point thereafter, Plaintiff's mother failed to pay the alleged outstanding debt. Plaintiff's mother subsequently filed for bankruptcy in 2010, which included the alleged debt owed to Defendant WESTERN. The entire debt was

1 discharged on or about November 3, 2010.

2     19.    On September 16, 2015, Plaintiff obtained her credit report with Experian, which indicated that Plaintiff owed $2,112.00 (hereinafter "Account") to Defendant AARGON and that the Account is in "collection."

    20.    Upon investigation, Plaintiff discovered that the Account with Defendant AARGON was for a debt allegedly owed to Defendant WESTERN. This is the same debt that was discharged in Plaintiff's mother's bankruptcy.

    21.    Upon information and belief, Defendant WESTERN had assigned the debt, even though it was discharged in Plaintiff's mother's bankruptcy, to Defendant AARGON for collection purposes.

    22.    Because Defendant AARGON was assigned this alleged debt for collection by Defendant WESTERN, Defendant AARGON was at all times relevant herein the agent working for, in association with, at the direction of, and on behalf of Defendant WESTERN, and therefore any violations committed by Defendant AARGON flow through as vicarious liability to Defendant WESTERN.

    23.    Because Defendant AARGON was acting as the agent for Defendant WESTERN, Defendant AARGON knew or should have known that Plaintiff was not the financially responsible party on the debt, because Defendant AARGON was the agent for Defendant WESTERN and therefore stepped in the shoes of Defendant WESTERN, and Defendant WESTERN's records should clearly show that the mother was the only financially responsible party and that Defendant WESTERN submitted a

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

1  proof of claim of the debt in the mother's bankruptcy.

2      24.    As a result of the derogatory report upon her credit report, Plaintiff

3  suffered a reduction in her consumer credit score that she should not have otherwise

4  suffered since she has never been financially responsible for the alleged debt, which

5  deprived her of an accurate reflection of her creditworthiness and credit standing.

6      25.    As a direct result of the reduced credit score, Plaintiff has suffered

7  multiple increased interest rates on consumer lines of credit and has also been

8  outrightly denied at least one consumer credit loan.

9      26.    Had the inaccurate derogatory information not been contained on

10  Plaintiff's credit reports, then her credit score would have been a higher, and accurate,

11  number, and she would not have suffered the higher interest rates or the outright

12  credit denial described above.

13      27.    Furthermore, Plaintiff has suffered actual damages by way of mental

14  anguish, such as embarrassment, humiliation, anxiety, nervousness, and feelings of

15  hopelessness and despair over the fact that her mother's financial debts are now

16  directly effecting her life as an adult consumer.

17      28.    On October 19, 2015, Plaintiff's attorney sent a letter to Defendant

18  AARGON, informing AARGON that Plaintiff was disputing the debt. The letter also

19  requested that AARGON provide a validation of the debt as well as any and all

20  collection letters it sent to Plaintiff and any and all documents and/or agreements

21  Plaintiff entered into on the Account.  AARGON never responded.

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

29. Upon information and belief, both Defendants WESTERN and AARGON have an on-going pattern of engaging in derogatory credit reporting against minor patients when their parents fail to pay the debts that result from services for treatment upon the minor patients, despite the fact that the minor patients have never been financially responsible, and therefore punitive damages are warranted.

## V.
## FIRST CAUSE OF ACTION
### (Violation of the FDCPA Against Defendant AARGON)

30. Plaintiff re-alleges each of the paragraphs above, as if fully set forth herein.

31. Defendant AARGON violated the FDCPA by violating 15 U.S.C. sections 1692(e), 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10) and 1692f.

**COUNT 1**

32. Defendant AARGON violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) by falsely and deceptively misrepresenting that Plaintiff owed $2,112.00 when in fact Plaintiff never owed the debt because the debt belonged to her mother and had already been discharged in bankruptcy.

**COUNT 2**

33. Defendant AARGON violated 15 U.S.C. sections 1692e(5), and 1692e(10) when it took a legal action that it could legally not have taken. Specifically, Defendant AARGON reported to the credit bureaus, including Experian that Plaintiff owed $2,112.00 when in fact Plaintiff never owed the debt because the debt belonged

1 to her mother and had already been discharged in bankruptcy.

**COUNT 3**

34. Defendant AARGON violated 15 U.S.C. sections 1692e, 1692e(8), and 1692e(10) by inaccurately reporting to the credit bureaus, including Experian, that Plaintiff owed $2,112.00 when in fact Plaintiff never owed the debt because the debt belonged to her mother and had already been discharged in bankruptcy.

**COUNT 4**

35. Defendant AARGON violated 15 U.S.C. section 1692f when it engaged in unfair and unconscionable means to collect or attempt to collect a debt. Specifically, by reporting to the credit bureaus, including Experian, that Plaintiff owed $2,112.00 when in fact Plaintiff never owed the debt because the debt belonged to her mother and had already been discharged in bankruptcy.

**COUNT 5**

36. As a result of each and every violation of the FDCPA as alleged in Counts 1 through 5, Plaintiff has suffered actual damages and harm resulting from Defendant AARGON's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, loss of creditworthiness and credit standing, and out-of-pocket expenses the exact amount of which is to be proven at trial.

37. As a result of each and every violation of the FDCPA, as alleged in Counts 1 through 5, Plaintiff is entitled to actual damages pursuant to 15 U.S.C.

section 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. section 1692k(a)(2)(A) and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

### VI.
### SECOND CAUSE OF ACTION
**(Violation of the Rosenthal FDCPA against Defendant AARGON)**

38. Plaintiff re-alleges each of the paragraphs above, as if fully set forth herein.

39. The violations of the FDCPA identified below are all violations of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates them as such.

40. Defendant AARGON violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10) and 1692f.

41. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendant AARGON's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, loss of creditworthiness and credit standing, and out-of-pocket expenses the exact amount of which is to be proven at trial.

42. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by

1 California Civil Code section 1788.17; statutory damages for a knowing or willful

2 violation in the amount of up to $1,000.00 pursuant to California Civil Code section

3 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil

4 Code section 1788.30(c).

**VII.**
**THIRD CAUSE OF ACTION**
**(Violation of the Rosenthal FDCPA against Defendant WESTERN)**

43. Plaintiff re-alleges each of the paragraphs above, as if fully set forth herein.

44. The violations of the FDCPA identified below are all violations of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates them as such.

45. Defendant WESTERN violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) when it wrongfully attempted to collect a debt, by and through Defendant AARGON, from Plaintiff even though Plaintiff never owed the debt because the debt belong to Plaintiff's mother and had already been discharged in bankruptcy.

46. Defendant WESTERN violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) when it wrongfully assigned and/or transferred the debt to Defendant AARGON for collections, even though Plaintiff never owed the debt because the debt belong to Plaintiff's mother and had already been discharged in bankruptcy.

47.     As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendant WESTERN's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, loss of creditworthiness and credit standing, and out-of-pocket expenses the exact amount of which is to be proven at trial.

48.     As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 15 U.S.C. section 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## VIII.
### FOURTH CAUSE OF ACTION
**(Violations of the CCRAA against Defendant AARGON)**

49.     Plaintiff re-alleges each of the paragraphs above, as if fully set forth herein.

50.     California Civil Code section 1785.25(a) states:

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

51.     Defendant AARGON violated the CCRAA by violating California Civil Code section 1785.25(a) because it furnished to a consumer credit reporting agency, including Experian, that Plaintiff owes a debt in the amount of $2,112.00 when in fact

1  Plaintiff does not owe such debt. Defendant AARGON knew or should have known
2  that the information it provided to the consumer credit reporting agency, including
3  Experian, was incomplete or inaccurate because as the agent assigned to collect the
4  debt on behalf of Defendant WESTERN Defendant AARGON should have known
5  that Defendant WESTERN's records showed the mother as the only financially
6  responsible party and that the debt had been discharged in the mother's bankruptcy.

7  52.  As a result of each and every violation of the CCRAA, Plaintiff has suffered
8  actual damages and harm resulting from Defendant AARGON's actions as heretofore
9  alleged, including but not limited to worry, emotional distress, anxiety, humiliation,
10 loss of creditworthiness and credit standing, and out-of-pocket expenses the exact
11 amount of which is to be proven at trial.

12 53.  As a result of each and every violation of the CCRAA, Plaintiff is entitled to
13 actual damages, reasonable attorney's fees and costs pursuant to California Civil
14 Code section 1785.33(a)(1); and statutory damages for a knowing or willful violation
15 in the amount of up to $5,000.00 pursuant to California Civil Code section
16 1788.31(a)(2)(B).

### IX.
### FIFTH CAUSE OF ACTION
**(Violations of the CCRAA against Defendant WESTERN)**

19 54.  Plaintiff re-alleges each of the paragraphs above, as if fully set forth herein.
20 55.  Because Defendant AARGON was assigned this alleged debt for collection
21 by Defendant WESTERN, Defendant AARGON was at all times relevant herein the

1  agent working for, in association with, at the direction of, and on behalf of Defendant

2  WESTERN, and therefore any violations committed by Defendant AARGON flow

3  through as vicarious liability to Defendant WESTERN.

4  56. Because Defendant AARGON was acting as the agent for Defendant

5  WESTERN, Defendant AARGON knew or should have known that Plaintiff was not

6  the financially responsible party on the debt, because Defendant AARGON was the

7  agent for Defendant WESTERN and therefore stepped in the shoes of Defendant

8  WESTERN, and Defendant WESTERN's records should clearly show that the mother

9  was the only financially responsible party and that Defendant WESTERN submitted a

10 proof of claim of the debt in the mother's bankruptcy.

11 57. Therefore, Defendant AARGON's violations of California Civil Code

12 section 1785.25(a) as explained above flow through as liability to Defendant

13 WESTERN.

14 58. As a result of each and every violation of the CCRAA, Plaintiff has

15 suffered actual damages and harm resulting from Defendants' actions as heretofore

16 alleged, including but not limited to worry, emotional distress, anxiety, humiliation,

17 loss of creditworthiness and credit standing, and out-of-pocket expenses the exact

18 amount of which is to be proven at trial.

19 59. As a result of each and every violation of the CCRAA, Plaintiff is entitled to

20 actual damages, reasonable attorney's fees and costs pursuant to California Civil

21 Code section 1785.33(a)(1); and statutory damages for a knowing or willful violation

in the amount of up to $5,000.00 pursuant to California Civil Code section 1788.31(a)(2)(B).

# X.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;

2. For statutory damages;

3. For interest according to law;

4. For attorneys' fees;

5. For costs of suit herein incurred; and

6. For other and further relief as the court may deem proper.

DATED:   January 14, 2015

**MASHIRI LAW FIRM**
A Professional Corporation

By: /s/Alex Asil Mashiri
    Alex Asil Mashiri
    Attorney for Plaintiff,
    PRISCILLA PEREZ